UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GAYLE CARVER,<br><br>            Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>            Defendant. | No. CV-04-3105-CI<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT<br>AND REMANDING FOR AN IMMEDIATE<br>AWARD OF BENEFITS |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 11, 18), submitted for disposition without oral argument on May 16, 2005.[1] Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Richard M. Rodriguez represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and remands for an immediate award of benefits.

---

[1] The matter has been heard on an expedited basis because the briefing was complete.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 1

Plaintiff filed an application for Widow's Insurance Benefits on November 9, 2000, claiming benefits based on the account of her deceased former spouse, Michael Widmier. (Tr. at 13.) At the time of application, she was 64 or 65 years of age and had not remarried. (Tr. at 44.) The application was denied initially and upon reconsideration. Following a hearing before Administrative Law Judge Arnold Battise, benefits were awarded. On its own motion, the Appeals Council reviewed and reversed the ALJ's decision. (Tr. at 7-9.) This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**THE APPEALS COUNCIL DECISION**

The Appeals Council reviewed the ALJ's decision, noting there was an error of law and insufficient evidence to support the findings of fact. (Tr. at 7.) The Appeals Council ruled Plaintiff was not entitled to widow's benefits as the divorced spouse of the deceased wage earner because she was not married to Mr. Widmier for at least 10 years immediately before they were divorced, citing section 216(d)(2) of the Social Security Act. The Appeals Council further found Plaintiff and Mr. Widmier were first married on October 4, 1965 and divorced on November 7, 1974. They were remarried on February 29, 1976, and divorced again on July 18, 1985. Neither marriage lasted for a total of ten consecutive years.

**ISSUES**

The question presented is whether the decision of the Appeals Council is an error of law. The facts are not in dispute.

**ANALYSIS**

Relying on the Program Operations Manual System (POMS) section RS 00202.005 and principles of equity, the ALJ concluded "[t]he

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 2

claimant is the surviving divorced spouse of the wage earner as that term is defined in the Regulations (20 C.F.R. § 404.336(a)(2)." (Tr. at 16.)  He further concluded the marriage had existed for 18 of the 20 years immediately prior to the second dissolution on July 18, 1985.  (Tr. at 15.)

In *Bowen v. Owens*, 476 U.S. 340, 345 (1986), the Supreme Court stated:

> The program is a massive one, and requires Congress to make many distinctions among classes of beneficiaries while making allocations from a finite fund. In that context, our review is deferential. "Governmental decisions to spend money to improve the general public welfare in one way and not another are 'not confided to the courts. The discretion belongs to Congress, unless the choice is clearly wrong, a display of arbitrary power, not an exercise of judgment.' " *Mathews v. De Castro*, 429 U.S. 181, 185 (1976), quoting *Helvering v. Davis*, 301 U.S. 619, 640, (1937). As this Court explained in *Flemming v. Nestor*, 363 U.S. 603, 611 (1960):
>
>> Particularly when we deal with a withholding of a noncontractual benefit under a social welfare program such as [Social Security], we must recognize that the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification.
>
> . . .
>
> We have previously noted that "[t]he entitlement of any secondary beneficiary is predicated on his or her relationship to a contributing wage earner." *Califano v. Jobst*, 434 U.S. 47, 52 (1977). In determining who is eligible for such benefits, the scope of the program does not allow for "individualized proof on a case-by-case basis." *Ibid.* Congress "has elected to use simple criteria, such as age and marital status, to determine probable dependency." *Ibid.* In particular, Congress has used marital status as a general guide to dependency on the wage earner: "The idea that marriage changes dependency is expressed throughout the Social Security Act." *Id.*, at 52, n. 8.
>
> When Congress first began to make divorced wives eligible for wives' benefits in 1965, it focused on that group of divorced wives whose marriages ended after many years, when they might be "too old to build up a substantial

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 3

social security earnings record even if [they] can find a job." H.R.Rep. No. 213, 89th Cong., 1st Sess., 107-108 (1965). To that end, divorced wives were eligible for wife's benefits only if they had been married to the wage earner for 20 years and received substantial support from him. It was not until 1972 that Congress dropped the requirement of showing support from the wage earner. Even then, Congress retained the 20-year marriage requirement. Congress has made the same distinctions in its treatment of divorced widowed spouses. When they first became eligible for survivor's benefits in 1965, it was under the same basic eligibility rules that applied to divorced spouses. During the relevant time of this lawsuit, divorced spouses and divorced widowed spouses had to have been married to the wage earner for at least 10 years to receive benefits.

In response to the Congressional changes extending benefits to the divorced widowed spouses, states and regulations were passed. The applicable statute is found at 42 U.S.C. § 416[2] and regulations at 20 C.F.R. § 404.336.[3]  Defendant contends the use of the word

---

[2]Section 416 of 42 U.S.C. provides:

(d) Divorced spouses; divorce
...

(2) The term "surviving divorced wife" means a woman divorced from an individual who has died, but only if she had been married to the individual for a period of 10 years immediately before the date the divorce became effective.


[3]20 C.F.R. § 404.336 states:

We will find you entitled to widow's or widower's benefits as the surviving divorced wife or the surviving divorced husband of a person who died fully insured if you meet the requirements in paragraphs (a)... of this section:

   (a) You are the insured's surviving divorced wife or surviving divorced husband and you meet both of the conditions in paragraphs (a)(1) and (2) of this section:

   (1) You were validly married to the insured under State law as described in § 404.345 or are deemed to have been validly married as described in §404.346

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 4

"immediately" is reasonably interpreted by the agency as consecutive. Additionally, decisions by agency personnel are guided by reference to the POMS, § RS 00202.005.[4] The only dispute is the application of the ten year duration requirement to the specific facts before the court.

It is undisputed the marriages do not qualify under a strict reading of the POMS as the date of the divorce which interrupted the marriage was not followed by a re-marriage within the following calendar year. Rather, the first divorce occurred on November 7, 1974, followed by the re-marriage on February 29, 1976. However, the ALJ interpreted this separation as comprising some 16 months; under the POMS, a couple theoretically divorced on January 1 and remarried on December 31 of the following year would have been separated for more than 23 months. Thus, but for the specific timing of Plaintiff's first dissolution and later re-marriage, *e.g.* had the divorce occurred on March 7, 1974, followed by re-marriage on July 29, 1975, (the same number of months of separation) there would be no question of qualification under the POMS for benefits.

---

    (2) You were married to the insured for at least 10
years immediately before your divorce became final.

[4]POMS section RS 00202.005 provides:

    A divorced spouse must (1) be finally divorced from the
    NH; and (2) have been married to him/her for a period of
    at least 10 years immediately before the date the divorce
    became final.  This requirement is met if the divorce
    became final on or after the tenth anniversary of the
    marriage.  This is so even if this period was interrupted
    by a prior divorce, provided the remarriage took place no
    later than the calendar year immediately following the
    calendar year of the divorce.  Even when this requirement
    was not met with respect to the claimant's last divorce,
    she/he may qualify based on a 10-year period of marriage
    immediately before a prior divorce.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING
FOR AN IMMEDIATE AWARD OF BENEFITS - 5

The Social Security Act is remedial and is to be liberally construed. *Doran v. Schweiker*, 681 F.2d 605, 607 (9th Cir. 1982). Moreover, the POMS do not have the force and effect of law. *Lowry v. Barnhart*, 329 F.3d 1019, 1022-23 (9th Cir. 2003). The POMS example is only that and cannot trump the spirit and intent of Congress.

The only cases to interpret this specific issue involve marriages that were days shy of ten years. *Albertson v. Apfel*, 247 F.3d 448 (2nd Cir. 2001) (benefits denied where marriage was dissolved three days shy of the tenth anniversary); *George v. Sullivan*, 909 F.2d 857 (6th Cir. 1990) (benefits denied where divorce occurred just seven days shy of ten year duration even in light of *nunc pro tunc* decree amending final divorce decree date to within the applicable time frame). However, in neither of these two cases were re-marriages at issue; in both cases, the total length of the union between the spouses was shy of ten years. That is not the case here; the total length of marital union was 18 years and included the birth and development of the couple's seven children. There are no cases cited by the parties which involve remarriage. This scenario fits well within the spirit of Congressional intent as outlined in *Owens* and within the short-term dissolution period contemplated by the POMS. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 11)** is **GRANTED;** the matter is **REMANDED** for an immediate award of benefits.

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 18)** is **DENIED.**

3. Any application for attorney fees shall be filed by

1 separate Motion.

2     4.    The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Plaintiff.

5     DATED May 6, 2005.

                      s/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 7